This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, David L. Newman, appeals from his conviction for aggravated robbery in the Summit County Court of Common Pleas. We affirm.
On September 17, 2001, the Summit County Grand Jury indicted Defendant on four separate counts of aggravated robbery, in violation of R.C.2911.01(A)(1). Each count had a firearm specification. Defendant pled guilty to aggravated robbery, as contained in count one of the indictment, and the firearm specification to count one. The remaining three counts of aggravated robbery and firearm specifications were dismissed. Thereafter, the trial court sentenced Defendant accordingly. Defendant timely appeals, raising one assignment of error for review.
 ASSIGNMENT OF ERROR "The trial court committed prejudicial error by sentencing [Defendant] to a maximum sentence."
In his sole assignment of error, Defendant contends that the trial court erroneously sentenced him to a maximum prison sentence. Moreover, he contends that his sentence is inconsistent with R.C. 2929.11 and the factors outlined in R.C. 2929.12. Defendant's contentions lack merit.
An appellate court may modify a sentence or remand the matter for resentencing if it finds that the trial court clearly and convincingly acted contrary to the law. R.C. 2953.08(G)(2). Clear and convincing evidence is that "`which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.'" State v. Eppinger (2001), 91 Ohio St.3d 158, 164, quotingCross v. Ledford (1954), 161 Ohio St. 469, 477. Furthermore, as the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society, it is in the best position to make the fact-intensive evaluations required by the sentencing statutes. State v. Martin (1999), 136 Ohio App.3d 355, 361.
The general purpose of the sentence imposed is "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). Therefore, when sentencing the defendant, the trial court must consider factors relating to the "seriousness of the conduct" and the "likelihood of * * * recidivism," which are contained in R.C.2929.12. R.C. 2929.12. See, also, State v. Gibson (Oct. 22, 2001), 3rd Dist. No. 2-01-15. When addressing these factors, the trial court need not use specific language or make specific findings on the record in order to evince the required consideration of the applicable factors.State v. Arnett (2000), 88 Ohio St.3d 208, 215; State v. Neptune (Nov. 14, 2001), 9th Dist. No. 3171-M, at 4. Rather, the trial court need only state that it considered the applicable factors of R.C. 2929.12 in arriving at its decision. See Neptune, at 4. See, also, State v. Marks
(June 13, 2001), 7th Dist. No. 823.
In regard to the imposition of maximum sentences, the trial court may impose maximum prison terms upon offenders falling into one of the following four categories: (1) those offenders committing the worst forms of the offense; (2) those posing the greatest likelihood of committing future crimes; (3) certain major drug offenders as set forth in R.C.2929.14(D)(3); and (4) certain repeat violent offenders as set forth in R.C. 2929.14(D)(2). R.C. 2929.14(C). The only two categories relevant to this appeal are whether Defendant "committed the worst form of the offense" or "pos[es] the greatest likelihood of committing future crimes[.]" See id.
In order for a sentence to withstand appellate scrutiny, the trial court must make a finding with respect to one of the four categories and specify its reasons for imposing the maximum sentence. R.C.2929.19(B)(2)(d). See, also, State v. Edmonson (1999), 86 Ohio St.3d 324,329. Furthermore, this court has held that the findings of the trial court need not be in the sentencing transcript if the findings are contained in the journal entry. State v. Riggs (Oct. 11, 2000), 9th Dist. No. 19846, at 4. See, also, Edmonson, 86 Ohio St.3d at 326. As such, this court may review both the sentencing hearing transcript and the journal entry to determine whether the trial court has stated the requisite findings under the statute. State v. Nixon (Apr. 25, 2001), 9th Dist. Nos. 00CA007638 and 00CA007624, at 30.
In the case sub judice, Steve Rusov ("Rusov"), Tom Beswick ("Beswick"), and Darren Harvey ("Harvey"), three of the four victims, spoke at the sentencing hearing. Rusov stated that Defendant was threatening and had a gun. He further stated that he "feared for [his] life that night " and could not do anything except give Defendant his money. Rusov also asserted that he has been traumatized for the last six months as a result of Defendant's actions. Next, Beswick declared that he was terrorized by Defendant's actions and it "was one of the most horrific" experiences he has ever encountered. Finally, Harvey explained that he is now nervous and "very, very cautious" about doing natural things, such as going out in public. Additionally, Harvey stated that he has had nightmares stemming from the incident. Furthermore, the record reveals that Defendant had been previously convicted of aggravated burglary and aggravated robbery and, also, had subsequent parole violations.
Upon a review of the transcript of the sentencing proceeding, we find that the trial court properly determined, based upon the evidence presented, that Defendant committed the worst form of the offense and posed the greatest likelihood of committing future crimes. Specifically, the trial court stated:
 "It's the sentence of this Court, as it relates to Count I, the aggravated robbery, the Court, having heard from the victims and heard regarding the matter and regarding [Defendant's] past history, gives [Defendant] the maximum amount of time.
 "The Court, in giving [Defendant] the longest sentence, does that because the Court finds that [Defendant] committed either the worst form of the offense, in the case in particular the Court finds that [Defendant] pose[s] the greatest likelihood of committing future crimes primarily based on [Defendant's] background."
Furthermore, the court stated in its journal entry that it had "considered the record, statements of counsel, as well as the principles and purposes of sentencing under [R.C.] 2929.11, and the seriousness and recidivism factors under [R.C.] 2929.12." The trial court also found that "Defendant is not amenable to community control and that prison is consistent with the purposes of [R.C.] 2929.11[.]"
After a thorough review of the record, we find that the trial court made all the requisite findings in order to impose the maximum sentence and, consequently, we cannot say that the record contains clear and convincing evidence that the trial court acted contrary to the law. Additionally, we find that Defendant's sentence is consistent with the purpose underlying R.C. 2929.11 and the factors outlined in R.C. 2929.12. Accordingly, Defendant's sole assignment of error is overruled.
Appellant's assignment of error is overruled. The conviction of the Summit County Court of Common Pleas is affirmed.
WILLIAM R. BAIRD CONCURS